UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KAI LUN ZHENG, A-072-967-443,

Petitioner,

v.

SERGIO ALBARRAN, et al.,

Respondents.

No.  1:25-cv-1685-DJC-CKD P

FINDINGS AND RECOMMENDATIONS

Petitioner Kail Lun Zheng filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging his detention by Department of Homeland Security ("DHS") and Immigrations and Customs Enforcement ("ICE"). (ECF No. 1.) For the following reasons, the undersigned recommends the petition be granted, the preliminary injunctive relief already ordered be made permanent, additional injunctive relief be granted as set forth below, and this case be closed.

**I.      Background**

Petitioner is a Chinese citizen who came to the United States in 1992, approximately. (Pet. (ECF No. 1), ¶ 1.) He is subject to a removal order to China issued by an Immigration Judge in 2010. (Id., ¶¶ 4, 6.) After he was released from a prison sentence in 2014, Petitioner was transferred to ICE custody. (Id. ¶ 6.) Petitioner was released on supervision by ICE approximately eight months later, when China would not issue travel documents. (Id. ¶ 7–8; Opp'n (ECF No. 10) at 2.) Petitioner was again detained by ICE in May 2015 and was released on supervision a

1

few months later due to the continued inability to obtain travel documents from China. (Pet., ¶ 9; Opp'n at 2.) Petitioner represents that he personally attempted to obtain travel documents from the Chinese consulate in 2015 and again in 2024, but the consulate "informed he was not found on the consular records," and thus Petitioner could not receive a passport or other travel document. (Pet., ¶ 10.) Petitioner remained out of custody until October 15, 2025, when ICE officers re-detained him. (Id., ¶ 13; Opp'n at 2.)

The petition filed on December 1, 2025, brings five causes of action as follows: (1) Unlawful Re-Detention—Arbitrary and Capricious Agency Action; (2) Violation of Procedures for Revocation of Release; (3) Violation of the Immigration and Nationality Act (INA) and Applicable Regulations; (4) Procedural Due Process – Right to a Pre-Deprivation Hearing; (5) Substantive Due Process – Unconstitutionally Indefinite Detention; (6) Procedural Due Process – Unconstitutionally Inadequate Procedures Regarding Third Country Removal. (ECF No. 1 at 43-48.) Petitioner also seeks "reasonable costs and attorney fees[.]" (Id. at 48.)

On the same day he filed the petition, Petitioner filed a motion for a temporary restraining order ("TRO"). (ECF Nos. 1, 2.) The district judge assigned to this case converted the motion for a TRO to a motion for a preliminary injunction. (ECF No. 4.) Respondents filed an opposition to the motion. (ECF No. 10.)

On December 16, 2025, the district judge assigned to this case granted preliminary injunctive relief, finding "Petitioner has a likelihood of success on the merits of his claim that his re-detention violates 8 C.F.R. § 241(i)(2) and is unconstitutional as it amounts to indefinite detention." (ECF No. 13 at 3.)

The district judge found Petitioner is subject to a final removal order and was previously released such that revocation of his release is governed by 8 C.F.R. § 241.13(i). (ECF No. 13 at 3.) Under section 241.13(i)(2), revocation of release is permissible "if, on account of changed circumstances, … there is a significant likelihood [of removal] in the reasonably foreseeable future." Indefinite detention for a person subject to a final removal order is not authorized by 8 U.S.C. § 1231. See Zadvydas v. Davis, 533 U.S. 678 (2001). Instead, after a six-month period where detention is presumptively reasonable, once a non-citizen provides good

2

reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the government must respond with evidence sufficient to rebut that showing. See id.

Here, the evidence in the record indicates Petitioner "complied with all the terms imposed on him since his initial release." (ECF No. 13 at 4.) The record contains "specific evidence regarding both the Government and Petitioner's personal inability to obtain travel documents for Petitioner" from China and does not support finding that any change in circumstances occurred. (Id. at 5.) Thus, as the district judge found in granting the preliminary injunction, there was no change in circumstances required by 8 C.F.R. § 241(i)(2) to justify re-detention and, separately, Petitioner established a likelihood of success on the merits that his detention violated due process as indefinite. (Id. at 5-6.) The district judge issued a preliminary injunction ordering Petitioner's release and enjoining and restraining Respondents from re-arresting or re-detaining Petitioner absent a showing to the Court of a change in circumstances to warrant re-detention. (Id. at 8.)[1]

Upon granting the preliminary injunction, the district judge referred this case to the undersigned for further proceedings. (ECF No. 13.) Respondent filed an answer opposing the merits of the petition "for the reasons stated in Respondents' Opposition to Petitioner's Motion for Preliminary Injunction, including Exhibits (ECF No. 10)." (ECF No. 15.) Petitioner filed a reply. (ECF No. 16.) The petition is fully briefed.

**II.     Legal Standard**

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). A district court's habeas jurisdiction includes

---

[1] The district judge also ordered "[i]f China provides travel documents such that Petitioner's removal can be effectuated, Respondents may seek to modify this Order by filing a noticed motion" before the district judge (ECF No. 13 at 6.)

3

challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

### III.    Discussion

The evidentiary record before the court has not changed since the district judge entered the preliminary injunction. Therefore, for the reasons explained by the district judge (see ECF No. 13 at 3-6), the undersigned recommends the petition be granted on Petitioner's second claim asserting his re-detention violates 8 C.F.R. § 241(i)(2) and on his fifth claim asserting unconstitutionally indefinite detention. A permanent injunction should issue on similar terms as the preliminary injunction. Because the resolution of these claims provides the relief that would issue for claims one, three, and four, the court need not reach those claims.

That leaves Petitioner's sixth claim asserting a procedural due process violation based on unconstitutionally inadequate procedures for third country removal. The district judge did not address Petitioner's arguments about the possibility of third country removal in the order granting a preliminary injunction based on the government's representation that it was not currently seeking to remove Petitioner to a third country. (ECF No. 13 at 3.)

Respondents argue Petitioner's assertion that he may be removed to a third country is speculative, and provided some evidence that ICE was taking steps to remove him to China rather than a third country. (ECF No. 10 at 8.) Respondents also argue removal to a third country is authorized by statute. (Id. (citing 8 U.S.C. § 1231(b)(2)(E).) In the traverse, Petitioner replies that even if Respondents have not specifically indicated they seek to remove him to a third country, his claim is not speculative because they are actively following their third country removal policy. (ECF No. 16 at 3-6.)

"Third-country removals involve deportation to countries that are not identified in a final removal order and to which the non-citizen has no connection." Nguyen v. Charles, No. 1:25-CV-01592-TLN-CSK, 2025 WL 3492117, at *6 (E.D. Cal. Dec. 4, 2025) (citing 8 U.S.C. § 1231(b)(2)(E)(vii)). Where a petitioner is seeking injunctive relief regarding the process required in relation to third country removal and is not challenging any decision to commence proceedings, adjudicate the case, or execute the removal order, the court has jurisdiction to review the claim. See Escobar v. Chestnut, No. 1:25-CV-01801-DJC-EFB, 2025 WL 3687639, at *1

(E.D. Cal. Dec. 19, 2025).

In recent months, the government's policy regarding third country removals has shifted substantially. See Escobar v. Chestnut, 2025 WL 3687639, at *2 (describing ICE memoranda dated March 30 and July 9, 2025, updating agency officials on its policy regarding third country removals). Courts across this circuit have found that ICE's policy, as described in the March and July Memoranda, is likely unconstitutional and contrary to Ninth Circuit precedent. Escobar v. Chestnut, 2025 WL 3687639, at *4 (citing collected cases); Nguyen v. Charles, 2025 WL 3492117, at *6 (finding the petitioner was likely to succeed on the merits of third-country removal claims because "ICE's third-country removal policy is unconstitutional").

Petitioner has a clear protected liberty interest in ensuring his removal is not to a third country where he faces a credible fear of persecution, torture, and death. See A.A.M. v. Andrews, No. 1:25-CV-01514-DC-DMC (HC), 2025 WL 3485219, at *8 (E.D. Cal. Dec. 4, 2025) Since Petitioner has a liberty interest at stake, the court looks to the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. See Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 460 (1989); Mathews v. Eldridge, 424 U.S. 319 (1976). The court applies the Mathews test which considers three factors: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." Mathews, 424 U.S. at 335.

Petitioner has a substantial private interest in not being removed to a place with which he has no connection, or a place where he faces potential persecution, torture, and death. See A.A.M. v. Andrews, 2025 WL 3485219, at *8; Escobar v. Chestnut, 2025 WL 3687639, at *4. The risk of erroneous deprivation is substantial because under current DHS policy and the March 30 and July 9 memoranda, removal may be effectuated without notice and opportunity to be heard. Escobar v. Chestnut, 2025 WL 3687639, at *4. Even where noncitizens are provided notice of removal, the processing of claims in a highly expedited manner could deprive a non-citizen of a meaningful

5

opportunity to assert fear of removal, present evidence, or receive a determination from a neutral arbiter. Id. Moreover, should Petitioner be erroneously removed to a third country, there would be no avenue to vindicate his rights in the United States. A.A.M. v. Andrews, 2025 WL 3485219, at *9. Finally, the government has minimal interest in this context as the cost of providing the necessary procedural safeguards is minimal. See Doe v. Becerra, 787 F. Supp. 3d 1083, 1093 (E.D. Cal. 2025); Escobar v. Chestnut, 2025 WL 3687639, at *4. On balance, the Mathews factors favor granting relief on petitioner's sixth claim.

**IV.     Recommendation**

In accordance with the above, IT IS RECOMMENDED as follows:

1. The petition for writ of a habeas corpus by KAI LUN ZHENG, A-072-967-443, be GRANTED.

2. The preliminary injunctive relief previously granted (ECF No. 13) be made permanent and Respondents be ENJOINED AND RESTRAINED from re-arresting or redetaining Petitioner without a hearing before a neutral adjudicator to determine whether his re-detention would be lawful because the government has shown that his removal is reasonably foreseeable, or because circumstances have changed such that he is now a danger or a flight risk, and that the neutral adjudicator must consider whether alternatives to detention exist to mitigate any risk that DHS may establish.

3. Respondents also be ENJOINED AND RESTRAINED from effectuating Petitioner's third country removal without first:

   a. Providing Petitioner and Petitioner's counsel with written notice in a language petitioner can understand at least 21 days before any such removal;

   b. Following notice, Petitioner must be given a meaningful opportunity, and a minimum of ten days, to raise a fear-based claim for CAT protection prior to removal;

   c. If Petitioner demonstrates "reasonable fear" of removal to the third country, Respondents must move to reopen his immigration proceedings;

   d. If Petitioner is not found to have demonstrated a "reasonable fear" of removal

to the third country, Respondents must provide a meaningful opportunity, and a minimum of 15 days, for Petitioner to seek reopening of his immigration proceedings.

4.  Petitioner's request for attorney's fees be denied without prejudice to the filing of a properly noticed and supported motion.

5.  The Clerk of Court be directed to enter judgment for Petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within seven (7) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within seven (7) days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  April 27, 2026

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 zhen1685.mer

7