UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KAI LUN ZHENG, A-072-967-443,

           Petitioner,

      v.

TODD M. LYONS, et al.,

           Respondents.

No. 1:25-cv-1685-DJC-CKD P

ORDER

Petitioner filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On April 27, 2026, the Magistrate Judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within seven days. No party filed timely objections to the findings and recommendations.

The Court presumes that any findings of fact are correct.  *See Orand v. United States*, 602 F.2d 207, 208 (9th Cir. 1979). The Magistrate Judge's conclusions of law are reviewed de novo.  *See Britt v. Simi Valley Unified School Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). The Court has reviewed the file and finds the findings and recommendations to be supported by the record and by the Magistrate Judge's

1

analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations (ECF No. 17) are ADOPTED in full.

2. Petitioner (A-072-967-443) KAI LUN ZHENG's application for a writ of habeas corpus under 28 U.S.C. § 2241 is GRANTED.

3. The preliminary injunctive relief previously granted (ECF No. 13) is made permanent and Respondents are ENJOINED AND RESTRAINED from re-arresting or redetaining Petitioner without a hearing before a neutral adjudicator to determine whether his re-detention would be lawful because the government has shown that his removal is reasonably foreseeable, or because circumstances have changed such that he is now a danger or a flight risk, and the neutral adjudicator must consider whether alternatives to detention exist to mitigate any risk that DHS may establish.

4. Respondents are also ENJOINED AND RESTRAINED from effectuating Petitioner's third country removal without the following protections:

a. Providing Petitioner and Petitioner's counsel with written notice in a language petitioner can understand at least 21 days before any such removal;

b. Following notice, Petitioner must be given a meaningful opportunity, and a minimum of ten days, to raise a fear-based claim for CAT protection prior to removal;

c. If Petitioner demonstrates "reasonable fear" of removal to the third country Respondents must move to reopen his immigration proceedings;

d. If Petitioner is not found to have demonstrated a "reasonable fear" of removal to the third country, Respondents must provide a meaningful opportunity, and a minimum of 15 days, for Petitioner to seek reopening of his immigration proceedings.

5. Petitioner's request for attorney's fees is denied without prejudice to the filing of a properly noticed and supported motion.

////

6. The Clerk of the Court is directed to enter judgment for Petitioner and close this case.

IT IS SO ORDERED.

Dated:   **May 14, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

8 zhen1685.jo.hc.imm

3